IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02449-BNB

KEITH J. WALKER,

    Plaintiff,

v.

YAVAPAI COUNTY ATTORNEY'S OFFICE,
ARIZONA DEPARTMENT OF PUBLIC SAFETY,
TANAAZ WHEELER, and
NICHOLAS D. HARNOIS,

    Defendants.

---

ORDER TO TRANSFER

---

    Plaintiff, Keith J. Walker, resides in Colorado Springs, Colorado. Mr. Walker, appearing *pro se*, brings this action pursuant to 42 U.S.C. § 1983. The complaint arises from an incident on February 5, 2014, when Mr. Walker was pulled over in Arizona while he was driving and cited for speeding and for driving with a revoked, cancelled, or suspended license. Following his citation, Mr. Walker has been charged with violating Arizona Revised Statute § 28-701.02A3 (excessive speed) and § 28-3473A (driver's license suspension/cancel) in the Seligman Justice Court in Seligman, Arizona.

    In the Complaint, Mr. Walker alleges that Defendants violated his constitutional rights by denying him due process during the Arizona proceedings and maliciously prosecuting him as well asserting state law claims, including "intentional misrepresentation, negligence - intentional infliction of emotional distress, misfeasance

in public office, respondeat liability superior, and fraud." Mr. Walker names the following defendants: Yavapai County Attorney's Office, Arizona Department of Public Safety, Tanaaz Wheeler, the attorney who is prosecuting the Arizona case, and Nicholas D. Harnois, the police officer who issued the citation that resulted in the charges against Plaintiff in the Arizona case.

On September 16, 2014, Magistrate Judge Boyd N. Boland ordered Mr. Walker to show cause why this action should not be dismissed or transferred based on improper venue. *See Trujillo v. Williams,* 465 F.3d 1210, 1222 (10th Cir. 2006) ("A court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice.") In the September 16 Order, Magistrate Judge Boland found that none of the defendants reside in Colorado and none of the events giving rise to the claims occurred in Colorado.

On October 7, 2014, Mr. Walker filed a Response asserting various reasons for not dismissing or transferring the action for improper venue, including: (1) some witnesses and records are located in Colorado; (2) Plaintiff is unemployed and lacks financial ability to have the case managed in Arizona; (3) Plaintiff is entitled to a "venue privilege" as the plaintiff; and (4) the police officer who pulled Plaintiff over was aware that Plaintiff was traveling to Colorado Springs, Colorado, and thus directed his actions toward a Colorado citizen. None of the reasons stated by Mr. Walker support the basis for finding that venue is proper in this Court.

The Court, therefore, pursuant to 28 U.S.C. § 1391(b)(2), finds that venue in the District of Colorado is improper and that venue is proper in the United States District

Court for the District of Arizona because the incidents involving Mr. Walker's claims took place, and continue to take place, in Arizona.

Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  Although, the Court notes that Mr. Walker's claims may be barred under *Younger v. Harris,* 401 U.S. 37 (1971) (federal court should abstain from exercising jurisdiction over claims asking the court to interfere in ongoing state criminal proceedings), the Court finds that it lacks the necessary information regarding the status of Plaintiff's underlying Arizona case and, therefore, it would be in the interest of justice to transfer this case to the United States District for the District of Arizona rather than to dismiss it.  Moreover, because the Court is transferring this case, Plaintiff's request for a permanent restraining order (*see* ECF No. 7) should be addressed in the District of Arizona.  Accordingly, it is

ORDERED that this action shall be transferred to the United States District Court for District of Arizona (Sandra Day O'Connor United States Courthouse, 401 W. Washington St., Suite 130, SPC 1, Phoenix, Arizona, 85003-2118) pursuant to 28 U.S.C. § 1406(a).

DATED at Denver, Colorado, this   16th   day of   October  , 2014.

BY THE COURT

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court